UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>S. HATTON, Warden,<br><br>　　　　Respondent. | No. 2:18-cv-1661-EFB P<br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the October 14, 2015 decision of the California Board of Parole Hearings to deny him parole. *See* ECF No. 1. Consequently, the instant petition is one for review of the execution of a sentence imposed by a California state court. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005) (denial of parole is "a decision 'regarding the execution' of" a prison sentence.) As a general rule, "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined." *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Petitioner is incarcerated at the Correctional Training Facility in the County of Monterey, which lies in the Northern District of California. *See* 28 U.S.C. § 84(a).

Pursuant to 28 U.S.C. § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. While petitioner was convicted in the Los Angeles County Superior Court in the

Central District of California, the proper forum for the instant challenge is in the district of confinement. In the interest of justice, this court may transfer this action "to any other district where it might have been brought." 28 U.S.C. § 1404(a). Therefore, in the interest of justice, this action will be transferred to the United States District Court for the Northern District of California.

In accordance with the above, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California. 28 U.S.C. § 2241(d); 28 U.S.C. § 1406(a).

DATED: June 13, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE